UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| TERRANCE HOLLOWELL, | ) | |
|---|---|---|
| Plaintiff, | ) | |
| vs. | ) | CAUSE NO. 3:17CV207-PPS/MGG |
| POSTLE EXTRUSION, | ) | |
| Defendant. | ) | |

## ORDER

Terrance Hollowell worked as a maintenance mechanic for Postle Extrusion, a manufacturer headquartered in Elkhart, Indiana. [DE 4 at ¶¶5,9.] Hollowell was hired in April 2010, the first African-American mechanic in the Maintenance Department at Postle's plant in Cassopolis, Michigan, and the oldest mechanic in the department. [*Id.* at ¶¶9, 10.] Hollowell alleges that within six months, racial harassment began on the job, and that Mike Athey, the Maintenance Manager, who is white, created a racially hostile environment. [*Id.* at ¶11, 12, 13.] The complaint states that Hollowell's employment was terminated on February 28, 2015 for absenteeism, because he was incarcerated for civil contempt for 60 days. [*Id.* at ¶26, ¶32(a).]

Hollowell, representing himself, claims that he was subjected to discrimination on the basis of his race and age, invoking a number of legal theories and authorities in his complaint. The document is entitled "Complaint for Racial Discrimination and Wrongful Termination." [DE 4 at 1.] "Violations" listed in the caption of the complaint are the Civil Rights Act of 1991, the Age Discrimination Act of 1967, Wrongful Termination, and "Hate Crimes" referencing 18 U.S.C. §245(2)(c) and 4(A). [DE 4 at 1.] The first line of the

complaint's text invokes 42 U.S.C. §1982 and §1983 as the bases for the court's jurisdiction. [*Id.*] The complaint's introductory paragraph further alleges that Postle "violated [the] Civil Rights Act of 1964, Age Discrimination Act of 1972, Title VII and Wrongful Termination." [*Id.* at 2.] After a fact section of "General Allegations," the complaint contains a Count I labeled "Violation of 42 U.S.C. §1983" and claiming discrimination on the basis of Hollowell's race and age. [*Id.* at 5.] Count II, subtitled "Discrimination Based on Race," alleges that Postle discriminated against Hollowell in violation of §1983, the Civil Rights Act of 1964 (Title VII), the Civil Rights Act of 1866 (§1981), the Equal Protection Clause of the Fourteenth Amendment, and the Age Discrimination in Employment Act. [*Id.* at 5-6.] The case is before me now on the motion to dismiss filed by Postle Extrusion, which carefully addresses each of Hollowell's claims and argues that there are reasons why each claim cannot succeed.

**Pleading Standards under Fed.R.Civ.P. 12(b)(6)**

Postle's motion is made under Fed.R.Civ.P. 12(b)(6) and contends that Hollowell's complaint fails to present any claim upon which relief can be granted. The Supreme Court interpreted the Rule 12(b)(6) pleading standard in *Bell Atlantic Corp. v. Twombly,* 550 U.S. 544 (2007), and *Ashcroft v. Iqbal,* 556 U.S. 662 (2009). To survive a motion to dismiss under that standard, a complaint must "state a claim to relief that is plausible on its face," which in turn requires factual allegations sufficient to permit a reasonable inference that the defendant is liable for the misconduct alleged. *Twombly*, 550 U.S, 570, 556. "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Iqbal,* 556

2

U.S. at 678 (quoting *Twombly*, 550 U.S. at 557).  Plausibility is "not akin to a 'probability requirement,'" but the plaintiff must allege "more than a sheer possibility that a defendant has acted unlawfully."  *Iqbal*, 556 U.S. at 678.

The Seventh Circuit has interpreted the plausibility standard to mean that "the plaintiff must give enough details about the subject-matter of the case to present a story that holds together."  *Swanson v. Citibank, N.A.*, 614 F.3d 400, 404 (7th Cir. 2010).  I must also take into account that "even after *Twombly* and *Iqbal*, *pro se* complaints…are to be construed liberally."  *Turley v. Rednour*, 729 F.3d 645, 651 (7th Cir. 2013).  Judged on the standards of Rule 12(b)(6), Hollowell's claims will survive dismissal if they "are plausible and his complaint sets out more than conclusory statements."  *Id.* at 651-52.

**Claims under 42 U.S.C. §1983**

Hollowell has a number of claims under section 1983. But claims under this statute are limited to relief against "state actors."  That means that §1983 can be used to seek relief for constitutional violations by state governments or their representatives, but not private parties unless they have acted in cahoots with the State.  "A private citizen may not be liable under §1983 unless the citizen becomes a public officer *pro tem* or conspires with a public employee to deprive a person of his constitutional rights."  *Wilson v. Price*, 624 F.3d 389, 394 (7th Cir. 2010).

Postle Extrusion is a private company.  There is no allegation, nor does it seem there could be a credible allegation, that Postle acted in connection with state officials when it treated Hollowell however it did.   Hollowell's complaint even acknowledges that Postle is a private business entity, alleging that it "acted under corporate managerial

3

authority" when it discriminated against him on the basis of race and age. [DE 4 at ¶30.] Count I is subject to dismissal for failure to state a claim, because it is based solely on §1983 which does not authorize relief against a private entity like Postle Extrusion. *Wilson*, 624 F.3d at 395.

**Equal Protection**

Count II of Hollowell's complaint references a number of different legal authorities. To the extent that it again relies on §1983, it can be dismissed for the reasons already discussed. The same lack of state action dooms Hollowell's Equal Protection claim, to the extent that it is asserted independently of §1983 (although §1983 is the statutory vehicle for bringing a constitutional claim of this sort). The Equal Protection Clause of the Fourteenth Amendment is a limitation on the power of the States, not on private persons or entities: "nor shall any State deprive any person of life, liberty, or property, without due process of law; nor deny to any person within its jurisdiction the equal protection of the laws." A claim of violation of the Equal Protection Clause can only be brought against a State or a state actor, as opposed to a private person or organization not acting on behalf of the State. *Rodriguez v. Plymouth Ambulance Service*, 577 F.3d 816, 822-24 and n.10 (7th Cir. 2009); *Schroeder v. Hamilton School District*, 282 F.3d 946, 961 (7th Cir. 2002) (Wood, J., dissenting). The Equal Protection claim will be dismissed for failure to state a claim upon which relief can be granted.

**Exhaustion of Administrative Remedies**

Postle argues that claims under Title VII and the Age Discrimination in Employment Act should be dismissed because Hollowell did not exhaust administrative remedies by the required filings with the Equal Employment Opportunity Commission. Before bringing a lawsuit, both Title VII and the ADEA require a private employee like Hollowell to file a charge with the EEOC and wait to receive a notice from the EEOC that it does *not* intend to sue but instead gives the complainant the "right to sue." 42 U.S.C. §2000e-5(e)(1), (f)(1); 29 U.S.C. §626(d)(1), (e). A lawsuit must then be filed within 90 days of receiving the "right to sue" letter. §2000e-5(f)(1); §626(e). Hollowell's complaint contains no information concerning the required EEOC filings.

What Postle doesn't address is the Seventh Circuit's teaching on this subject. "Since failure to exhaust administrative remedies is an affirmative defense, [the claims] could only be dismissed for failure to state a claim if it was clear from the face of the complaint that the affirmative defense applied...But it was not clear from the face of the [complaint] that the defense applied because [the complaint] did not allege the facts necessary to come to that conclusion." *Bibb v. Sheriff of Cook County*, 618 Fed.Appx. 847, 849 (7th Cir. 2015), citing *Mosely v. Bd. of Educ. of City of Chicago*, 434 F.3d 527, 533 (7th Cir. 2006). Like the pleading in *Mosely*, Hollowell's complaint makes no reference to exhaustion with the EEOC, and contains no allegations that support a conclusion one way or the other about whether he administratively exhausted. "[Mosely] had no obligation to allege facts negating an affirmative defense in her complaint[.]...There is nothing on the face of her

5

complaint that compels a conclusion that she failed to exhaust. Her case must therefore be remanded to the district court for further proceedings." *Mosely*, 434 F.3d at 533.

For this reason, Hollowell's Title VII and ADEA claims are not properly dismissed on a motion under Rule 12(b)(6), because nothing in his complaint affirmatively establishes that he failed to satisfy the applicable exhaustion requirements. If in fact he did not, Postle can presumably obtain an admission of those facts in discovery and raise the issue properly in a summary judgment motion.

**Sufficiency of Discrimination Claims**

Count II also invokes the Civil Rights Act of 1866 as a legal basis for Hollowell's claims of discrimination. One section of that Act is reflected in the federal statute that is now 42 U.S.C. §1981, which in part guarantees that "All persons within the jurisdiction of the United States shall have the same right in every State and Territory to make and enforce contracts, to sue, be parties, give evidence, and to the full and equal benefit of all laws and proceedings for the security of persons and property as is enjoyed by white citizens[.]" Race discrimination claims under §1981 do not require administrative exhaustion but are governed by the same substantive analysis as those brought under Title VII. *Herron v. DaimlerChrysler Corp.*, 388 F.3d 293, 299 (7th Cir. 2004).

Postle argues that Hollowell's complaint does not adequately state a claim that his termination was based on race, because it does not ever allege that the termination was based on Hollowell's race and instead plainly states that he was terminated for absenteeism. [DE 11 at 8-9.] The allegations of bigoted remarks in the workplace, Postle argues, show no relation to the termination decision, and so can't be evidence of

6

discriminatory discharge. [*Id*. at 9.] Postle contends that for those reasons, Hollowell fails to allege sufficient facts to support a discriminatory termination claim under the "direct evidence" framework. Postle contends that the complaint is also inadequate to support a discriminatory discharge claim under the "indirect method of proof," because Hollowell does not allege that he was meeting Postle's legitimate employment expectations or that similarly situated employees were treated more favorably than he was. [*Id*. at 10-11.] The motion to dismiss further argues that Hollowell's retaliation claim is subject to dismissal for the same failure to state a claim upon which relief can be granted, contending that the claim is doomed by Hollowell's admission that the termination was based on his absenteeism and his failure to allege that he was treated differently than a similarly situated employee who had not complained of discrimination. [DE 11 at 10-11.]

By applying elements of proof at the pleading stage, Postle's analysis incorrectly engrafts summary judgment standards into a motion to dismiss. "To survive a motion to dismiss under Rule 12(b)(6), the complaint need contain only 'a short and plain statement of the claim showing that the pleader is entitled to relief.'" *Huri v. Office of the Chief Judge of the Circuit Court of Cook County*, 804 F.3d 826, 832 (7th Cir. 2015), citing Fed.R.Civ.P. 8(a)(2). This means that "[s]pecific facts are unnecessary, but the complaint must give the defendant fair notice of what the claim is and the grounds upon which it rests." *Id.*, citing *Olson v. Champaign County*, 784 F.3d 1093, 1098 (7th Cir. 2015). In the discrimination context, "'the type of discrimination' the plaintiff thought occurred, 'by whom,...and when' was 'all [the plaintiff] needed to put in her complaint." *Swanson v.*

7

*Citibank, N.A.*, 614 F.3d 400, 405 (7th Cir. 2010). "Neither conclusory legal statements nor abstract recitations of the elements of a cause of action add to the notice that Rule 8 demands." *Huri*, 804 F.3d at 832. Besides applying these more generous pleading standards, I am required to give Hollowell's filings (both his complaint and his briefs) a liberal construction because he is a non-lawyer representing himself. *Nichols v. Michigan City Plant Planning Dept.*, 755 F.3d 594, (7th Cir. 2014), citing *Erickson v. Pardus*, 551 U.S. 89, 94 (2007).

With these principles in mind, I readily conclude that Hollowell has adequately pled a plausible claim of both race and age discrimination, as well as retaliation and a hostile environment.[1] In addition to Hollowell being the first black mechanic and the oldest, the complaint alleges that the white Maintenance Manager instigated Hollowell's white co-workers to shun Hollowell, that racial slurs were frequently used by white co-workers to describe Hollowell, and that disciplinary reports were made about Hollowell for conduct that was ignored from white employees. [DE 4 at ¶¶14, 16, 17.] Hollowell also asserts that when a white co-worker would initiate an argument with him, the manager always reported the matter to the Human Resource Manager characterizing Hollowell as the aggressor. [*Id.* at ¶18.] Plaintiff alleges that he had at least three meetings with his manager, the human resources manager and the plant manager to discuss the manager's "discriminatory actions," but that they continued. [*Id.* at 24.]

---

[1] Although Hollowell's complaint clearly alleges that he was subjected to a racially hostile environment, Postle's motion makes no reference to such a claim. [DE 4 at ¶¶12-23.]

Hollowell expressly pleads his claim of retaliation, including retaliatory termination. [*Id*. at ¶¶35, 36.]

Postle's assertion that "Hollowell never alleges in his Complaint that his termination of employment was wrongfully based on his race" is an unpersuasively literal reading of the pleading. [DE 11 at 8.] The factual allegations about race and its repeated references to racial discrimination and wrongful termination make abundantly clear that Hollowell is alleging that his race played an unlawful role in his termination. Postle makes much of the complaint's statement that Hollowell was terminated for absenteeism. [DE 4 at ¶26.] A fair reading of the complaint, however, is that Hollowell is identifying Postle's *asserted* basis for firing him, but that Hollowell believes that basis did not comply with company policy and was a pretext for a discriminatory decision. [*Id*. at 32.] Far from conceding that absenteeism was the real reason for his termination, Hollowell expressly alleges that his termination was retaliatory, after alleging facts about his repeated meetings with management on his complaints of discriminatory treatment. [*Id*. at ¶32.]

Hollowell's allegations are also sufficient to create a plausible claim of hostile environment based on race, although Postle overlooks such a claim in its motion to dismiss and briefing. The complaint puts Postle on notice that such a claim is made based upon these factual allegations by referring to an "atmosphere…which was racially hostile" [¶13], an "unfriendly environment [w]hich was hostile, threatening and for the most part interfered with the Plaintiff's work environment" [¶14], and "harassment/

discrimination" that was "not welcomed" and was "sever[e]...enough that a reasonable person would find intimidating, hostile, and abusive [¶¶34, 35].

The complaint's support for the claim of age discrimination, on the other hand, is thinner. The complaint repeatedly invokes age discrimination statutes [DE 4 at 1, 2, 6] and alleges that Postle "discriminated against Plaintiff based upon Plaintiff's race and age." [*Id*. at ¶30.] Factually, the complaint alleges that Hollowell is 64 years old, and was the oldest maintenance mechanic in the department. [*Id*. at ¶¶9, 10.] Given the simplicity required of a claim for discrimination and the liberality to be afforded a *pro se* pleading, I will not dismiss Hollowell's age discrimination on *Iqbal/Twombly* grounds, finding that the complaint is fairly read to assert that Hollowell's termination was unlawfully motivated by his age.

**Wrongful Termination**

Three more types of claims require discussion. Federal law does not provide a claim for "wrongful termination," which is instead a theory for relief under State law. Indiana ascribes to the doctrine of employment-at-will, meaning that generally "employment may be terminated by either party at will, with or without a reason." *Harris v. Brewer*, 49 N.E.3d 632, 639 (Ind.Ct.App. 2015). Wrongful termination claims represent an exception to that doctrine. One recognized exception applies when an employee can "prove that he or she had a contract of employment for a specific duration that was improperly terminated." *Id*. at 640. Other exceptions recognized by the Indiana Supreme Court apply "(1) if an employee establishes that 'adequate

10

independent consideration' supports the employment contract; (2) if a clearly statutory expression of a right or duty is contravened; and (3) if the doctrine of promissory estoppel applies." *Id.*

Hollowell's complaint does not allege facts (or even make legal assertions) that support any of these exceptions to the employment-at-will doctrine. [DE 11 at 14.] The phrase "wrongful termination" is used in Hollowell's complaint only in lists of causes of action, and is not separately addressed. Neither is a claim of wrongful termination defended in Hollowell's two memoranda in opposition to the motion to dismiss. Postle's argument is well-taken that the complaint does not state a plausible claim of wrongful termination under any available exception to Indiana's employment-at-will doctrine, and the claim is subject to dismissal.

**Hate Crimes**

The caption of Hollowell's complaint refers to "Hate Crimes" and cites a federal criminal statute, 18 U.S.C. §245, that can be used by the United States Attorney to prosecute civil rights violations. This criminal statute does not however, provide a civil cause of action that can be invoked or relied upon by a private citizen like Hollowell. *Caldwell v. Allison*, Cause No. 2:16CV49-PRC, 2016 WL 2894252 at *6 (N.D.Ind. May 17, 2016) (Cherry, M.J.), citing *Diamond v. Charles*, 476 U.S. 54, 64-65 (1986) [holding that 18 U.S.C. §245 is a criminal statute that provides no basis for civil liability]. The complaint does not state a claim under the hate crime statute on which relief can be granted in this civil case.

11

**Claims under 42 U.S.C. §1982**

Hollowell's complaint twice makes passing references to 42 U.S.C. §1982, along with §1983, as providing a jurisdictional basis for his claims of discrimination. [DE 4 at 1, 2.] Section 1982 provides that all citizens shall enjoy the same rights as white citizens "to inherit, purchase, lease, sell, hold, and convey real and personal property." Hollowell's allegations of employment discrimination do not implicate property interests at all, and do not support a plausible claim for relief under §1982, which prohibits racial discrimination in the purchase or sale of property. *Otis v. Wetter*, 111 Fed.Appx. 433, 434 (7th Cir. 2004). Any claim under §1982 is subject to dismissal for failure to state a claim.

**Conclusion**

Based on this analysis, the complaint's claims under 42 U.S.C. §1982, §1983 and the Equal Protection Clause, for hate crimes under 18 U.S.C. §245, and for wrongful termination under Indiana law will be dismissed for failure to state a claim. The claims of race discrimination (including hostile environment), age discrimination and retaliation, brought under Title VII, 42 U.S.C. §1981 and the Age Discrimination in Employment Act, will not be dismissed. On the basis of those claims, the litigation will continue.

**ACCORDINGLY:**

Defendant Postle Extrusion's motion to dismiss [DE 10] is GRANTED IN PART with respect to the complaint's claims under 42 U.S.C. §1982, §1983 and the Equal

Protection Clause, for hate crimes under 18 U.S.C. §245, and for wrongful termination under Indiana law. Otherwise, the motion is DENIED IN PART, and the case will continue on the basis of plaintiff Terrance Hollowell's claims of race discrimination (including hostile environment), age discrimination and retaliation, brought under Title VII, 42 U.S.C. §1981 and the Age Discrimination in Employment Act.

**SO ORDERED.**

**ENTERED: July 6 , 2017.**

                                            **/s/ Philip P. Simon**
                                            **United States District Court Judge**